IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-HC-2214-D

| | |
|---|---|
| JEROME PIGFORD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| WARDEN TRACY JOHNS, ) | |
| ) | |
| Respondent. ) | |

On November 3, 2011, Jerome Pigford ("Pigford" or "petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D.E. 1] (the "petition"), along with a memorandum in support of the petition [D.E. 1-1]. On January 11, 2012, Pigford filed a motion for appointment of counsel [D.E. 2]. On April 23, 2012, Pigford filed a motion to convert his petition to a motion pursuant to 28 U.S.C. § 2255 [D.E. 3]. Pigford "contends that his prior North Carolina convictions, as interpreted by the United States Supreme Court in Carachuri-Rosendo v. Holder, __ U.S. __, 130 S. Ct. 2577 (2010)[,] do not qualify as predicate convictions for career offender purposes under the United States Sentencing Guidelines § 4B1.1." Mem. Supp. Pet. [D.E. 1-1] 2. The matter is before the court for a preliminary review pursuant to 28 U.S.C. § 2243.

On August 6, 2001, in the Eastern District of North Carolina, Pigford was sentenced to two concurrent terms of 196 months' imprisonment for conspiracy to distribute and to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and maintaining a dwelling for the purpose of distributing cocaine base and aiding and abetting, in violation of 21 U.S.C. § 856 and 18 U.S.C. § 2. United States v. Pigford, No. 7:00-CR-133-F-2, [D.E. 36]

(E.D.N.C. Aug. 6, 2001); see Pet. 1.[1] On October 31, 2011, in his criminal case, Pigford filed a pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582. Pigford, No. 7:00-CR-133-F-2, [D.E. 55]. On April 27, 2012, in his criminal case, counsel entered a notice of appearance on behalf of Pigford, and on May 9, 2012, counsel for Pigford filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Pigford, No. 7:00-CR-133-F-2, [D.E. 57–58]. Pigford's section 2255 motion challenges his sentence as a career offender based on the Fourth Circuit's holding in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), which relied on Carachuri-Rosendo in vacating a career-offender sentence. Pigford, No. 7:00-CR-133-F-2, [D.E. 58-2] at 2–3. On May 9, 2012, Senior District Judge James C. Fox directed the government to answer pursuant to Rule 5 of the Rules Governing Section 2255 Proceedings. Id., [D.E. 59].

"Because district courts are not required to entertain duplicative or redundant lawsuits, they may dismiss such suits as frivolous pursuant to [section] 1915(e). Generally, a lawsuit is duplicative of another one if the parties, issues and available relief do not significantly differ between the two." Cottle v. Bell, 229 F.3d 1142, 2000 WL 1144623, at *1 (4th Cir. 2000) (per curiam) (unpublished table decision) (citations omitted); see I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1551–52 (11th Cir. 1986) (collecting cases).

As noted, the section 2241 petition and section 2255 motion are identical. In both, Pigford raises the same claims and seeks the same relief. Compare Mem. Supp. § 2241 Pet., with Mem. Supp. § 2255 Mot. Thus, dismissal of this petition without prejudice is appropriate. See, e.g., Harrison v. South Carolina, 126 F. App'x 100, 101 (4th Cir. 2005) (per curiam) (unpublished); Clay v. Murray, 937 F.2d 602, 1991 WL 127599, at *2 (4th Cir. 1991) (per curiam) (unpublished table

---

[1] Pigford has provided the court with his criminal case number, and the court takes judicial notice of the entire docket in his criminal case.

2

decision); Powell v. Warden, Madison Corr. Inst., No. 1:11-cv-162, 2011 WL 2848331, at *1–2 (S.D. Ohio June 22, 2011) (unpublished), report & recommendation adopted by, 2011 WL 2848268 (S.D. Ohio July 19, 2011) (unpublished); Randolph v. Warden, Leath Corr. Inst., C.A. No. 0:09-2928-PMD, 2010 WL 234901, at *1 (D.S.C. Jan. 19, 2010) (unpublished); Crowe v. S.C. Dep't of Corrs./Classification, C/A No. 4:08-2551-CMC-TER, 2008 WL 4924805, at *3 (D.S.C. Nov. 13, 2008) (unpublished).

In light of the applicable standard, reasonable jurists would not find the court's treatment of any of Pigford's claims debatable or wrong. Thus, none of the issues deserve encouragement to proceed further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c).

In sum, the court DISMISSES as duplicative and without prejudice petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241, and DENIES AS MOOT petitioner's motions [D.E. 2–3]. The court DENIES a certificate of appealability and DIRECTS the Clerk of Court to close the case.

SO ORDERED. This 17 day of May 2012.

JAMES C. DEVER III
Chief United States District Judge